UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KEVIN M. CARDWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-010 JM |
| | ) | |
| WALTER E. MARTIN, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Kevin M. Cardwell, a *pro se* prisoner, filed this *habeas corpus* petition challenging the Disciplinary Hearing Board's ("DHB") September 27, 2007, determination in case number MCF 07-09-0292 that he was guilty of a Class B fighting violation.[1] (Petition for Writ of *Habeas Corpus*, Docket # 1.)

A corrections officer who witnessed the altercation giving rise to the conduct violation provided the following report:

> I Sgt. Erb observed Offender Cardwell, Kevin 935484 and Shaw, Anthony 947406 in a verbal argument . . . This argument escalated by Offender Shaw _____ Offender Cardwell in the face. Offender Shaw jump[ed] on top of Offender _____ and begain [sic] pounding his head into the floor. Offender Shaw threw [p]unches to the facial area of Offender Cardwell, then Offender _____ [g]ot up off of him and started to walk away. Offender Cardwell _____ [o]ff of the floor and . . . went to the

---

[1] Mr. Cardwell also filed another habeas corpus petition challenging this same DHB determination. *See Kevin M. Cardwell v. Superintendent of Miami Correctional Facility*, 3:08-CV-010 (N.D. Ind., filed December 20, 2007). That petition is the same as the one filed here and raises the same grounds. Because a petitioner cannot challenge the same prison disciplinary proceeding in two different lawsuits at the same time, that case was dismissed. Nevertheless, the Court reviewed that petition in reaching its decision in this case

>closet and picked up \_\_\_\_\_m. Officer Cardwell started swinging it at
>Offender _____. QRT arrived and restrained both offenders. Both
>offenders taken to medical.

(Exhibit, Docket # 1-2 at 2.)[2]

The DHB viewed the video recording of the incident and summarized its contents in writing. (Evidence/Video Review Form, Docket # 1-2 at 5.) Its written account of the video recording substantially agrees with the officer's version of what took place. Unlike the officer's report, the DHB suggested Mr. Cardwell approached Shaw aggressively, waving his arms and pointing. However, the video showed Shaw astride Mr. Cardwell raining blows to his face and "pounding Cardwell's head to ground." The two men go out of camera range but moments later come back into view with Shaw running from Mr. Cardwell who is "swinging a push broom." Both of them are then seen pointing at each other. After again going outside the camera's range, Mr. Cardwell reappears and is "waving arms, pointing, possibly yelling." Once again, he then leaves the area of sight. When Mr. Cardwell next appears, custody staff is escorting him from the dayroom. (Docket # 1-2 at 3-4.)

As a result of the DHB's determination Mr. Cardwell was demoted in credit class. He has a liberty interest in earned good time and before it can be taken away for misconduct he is entitled to basic procedural protections. These minimal due process requirements are met by: (1) prior written notice of the charges; (2) an opportunity to

---

[2] The blank spaces indicate missing portions of the document which were cut off on the left side of the original filed with the court.

present evidence; (3) an impartial decision maker; (4) a written statement of the evidence supporting the disciplinary action and the reasons for it; and (5) "some evidence in the record" to support the finding of guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

First, Mr. Cardwell argues his due process rights were violated because there was insufficient evidence to support the DHB's finding of guilt. He maintains the video was altered because it does not show that he got the broom after unsuccessfully trying to enter his cell. According to Mr. Cardwell, Officer Erb would not allow him in his cell and "did not send aid but left petitioner to defend himself." He declares "the swinging of the broom was to keep Shaw from continued attempt at murder after pounding petitioner's head into ground." (Docket # 1 at 3-4, 6-7.) Related to this argument is Mr. Cardwell's claim that he was denied the right to present certain evidence. He states the DHB was not provided photographs to show the extent of his injuries; he sustained a broken wrist which required surgery and bone fractures in his face. Additionally, Mr. Cardwell contends the DHB was unaware the facility put Shaw in the same cell-house with him. Because he filed complaints against Shaw, Mr. Cardwell maintains they should not have been placed together. (Docket # 1 at 4-5.)

A federal district court does not determine credibility nor weigh evidence in the habeas review of a guilty finding in a prison disciplinary case. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, Mr. Cardwell argues the DHB should not have convicted him of fighting because he acted in self-defense against a person who caused him serious bodily harm. The evidence before the DHB tended to show Shaw was indeed the aggressor, at least initially. While the officer reported both men were engaged in a verbal dispute, he

explicitly stated Shaw "escalated" it by hitting Mr. Cardwell.

Nevertheless, the record shows Mr. Cardwell managed to escape Shaw's clutches. Nothing indicates Shaw then pursued him. The officer's account indicates Shaw was walking away when Mr. Cardwell got the broom; he does not state Mr. Cardwell first tried to enter his cell. And, assuming that he was denied access to his cell, it appears that rather than staying away from Shaw, Mr. Cardwell armed himself with a broom and went after Shaw. Nothing in the record indicates Shaw possessed any type of weapon. Although the video did not record that Mr. Cardwell actually struck Shaw with the broom, at various times both men were outside the camera's range. This, combined with the fact each of them was taken to medical, presumably for treatment, supports a reasonable inference that Mr. Cardwell managed to land some blows on Shaw.

Generally, a valid claim of self-defense absolves one of culpability for an otherwise criminal act. Even if Mr. Cardwell faced criminal charges, however, it is not clear his self-defense claim would succeed. *See Ballard v. State*, 808 N. E. 2d 729 (Ind. Ct. App. 2004) (affirming second-degree murder conviction where defendant armed himself with gun rather than retreating and fatally shot decedent who was attempting to flee). It appears Mr. Cardwell had reached a point of relative safety (albeit not in his cell) but then, on the offensive, reentered the fray. Moreover, this case involves prison disciplinary proceedings. Due process in this context does not require prison administrators to entirely excuse disciplinary violations on the basis of self-defense.

*Rowe v. DeBruyn*, 17 F.3d 1047, 1054 (7th Cir. 1994). Here, the board had more than adequate evidence to support its finding of the petitioner's guilt.

Mr. Cardwell also asserts the DHB did not consider evidence of his injuries. It was clear from the video that Shaw physically attacked Mr. Cardwell and repeatedly struck him in the face in addition to pounding his head to the ground. The officer who witnessed the incident also reported that both men were taken to medical. Even if Mr. Cardwell's injuries were more serious than Shaw's, that fact would not be relevant to the DHB's determination he was guilty of the charged violation. Moreover, assuming the DHB's failure to consider the extent of his injuries violated Mr. Cardwell's due process rights, he has not shown it was not harmless error, *i.e.*, could not have had a substantial and injurious effect upon the DHB's decision. *Harding v. Walls*, 300 F.3d 824, 828 (7th Cir. 2002) (citing *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)).

Similarly, that the board may have been unaware he and Shaw were not to be housed together is irrelevant to a determination of whether he was involved in a fight. Notwithstanding, in conjunction with the charge that the officer refused Mr. Cardwell access to his cell and prevented his escape from Shaw, this claim may be actionable in a 28 U. S. C. § 1983 suit; but, it does not provide a basis for habeas corpus relief. Nevertheless, because Mr. Cardwell may have a failure to protect claim and may wish to bring it against any defendant(s) whom he believes was deliberately indifferent to his safety, he will be provided with a blank Prisoner Complaint 42 U.S.C. § 1983 packet so that he may decide how he wishes to proceed.

Finally, Mr. Cardwell alleges he was denied an impartial decision-maker because the DHB chairperson was prejudiced against him. The basis for this claim is that the chairperson found him guilty in a prior, unrelated, disciplinary proceeding. (Docket # 1-2 at 7.) The right to an impartial decision-maker is violated when that individual is also substantially involved in the investigation of the charges against the prisoner. *Merritt v. De Los Santos*, 721 F. 2d 598, 601 (7th Cir. 1983). Mr. Cardwell does not claim any of the DHB members participated in the investigation or fact-finding related to the disciplinary proceedings at issue here.

The evidence of his guilt is sufficient and Mr. Cardwell was not denied his constitutional right to due process.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the court:

(1) **DENIES** the habeas corpus petition (Docket # 1); and

(2) **DIRECTS** the Clerk of the Court to send Mr. Cardwell a blank complaint packet with the copy of this order.

                              **SO ORDERED**.

DATED: May 22, 2008.

                              s/ James T. Moody
                              James T. Moody, Judge
                              United States District Court